UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **STATE FARM FIRE AND CASUALTY COMPANY, MATTHEW LEE** | **CIVIL ACTION NO. 09-1982** |
| **VERSUS** | **JUDGE DOHERTY** |
| **QUALITY BUILDERS OF LAFAYETTE, LLC, ET AL** | **MAGISTRATE JUDGE HANNA** |

*MEMORANDUM RULING AND
SUA SPONTE REMAND ORDER*

*Background and Argument*

Plaintiffs State Farm Fire and Casualty and Matthew Lee, a citizen of Louisiana, filed suit on October 22, 2009 in a Louisiana state court against several defendants including Quality Builders of Lafayette, LLC, also a citizen of Louisiana, for fire damages to Lee's home. Lee specifically sued to recover the deductible he paid to State Farm. The suit was removed by defendants on November 30, 2009, on the basis of diversity jurisdiction. In their Notice of Removal, defendants alleged plaintiff Matthew Lee was fraudulently joined as a plaintiff and his non-diverse citizenship should be disregarded. After review of the pleadings, the undersigned asked for briefing on the issue of subject matter jurisdiction; specifically, the allegation plaintiff Matthew Lee was improperly joined to defeat diversity and that his non-diverse citizenship should be disregarded. Defendant Whirlpool Corporation responded.

In its response, Whirlpool argued Lee was fraudulently joined to defeat diversity in the State Farm and Matthew Lee suit because Lee and his wife, April Hubbard Lee, filed a separate lawsuit in Louisiana state court against the same defendants the next day on October 23, 2009. Whirlpool states that the second lawsuit also included, *inter alia*, a claim for the deductible Matthew Lee paid State Farm.

In its memorandum, Whirlpool admits the suits are not subject to an exception of *lis pendens* in state court, because the parties are not identical; i.e., April Hubbard Lee is not a party to the State Farm suit. Whirlpool also states "[f]or diversity purposes, Quality Builders is non-diverse to plaintiff, Matthew Lee (Lee)."[1] Moreover, Whirlpool agrees Matthew Lee can establish a cause of action in this removed suit: "Whirlpool does not dispute that Lee can establish a cause of action against those he has sued."[2] Instead, Whirlpool asks this court to ignore Matthew Lee's non-diverse status, arguing Lee has manipulated his state court filings to defeat federal court jurisdiction and urging the court to adopt an equitable view of diversity's requirements.

### *Applicable Law and Discussion*

Law of Removal

The removing party bears the burden of establishing the existence of federal jurisdiction over a state court suit. See, e.g., Winters v. Diamond Shamrock Chemical

---

[1] *Memorandum of Whirlpool Corporation in Response to Sua Sponte Order of the Court* (Rec. Doc. 23), p. 2.

[2] *Id.*, p. 5.

Co., 149 F.3d 387, 397 (5th Cir. 1998). Furthermore, it is axiomatic that the lower federal courts are courts of limited jurisdiction and may exercise only the jurisdiction that has been conferred by Congress. E.g., Trizec Properties, Inc. v. U. S. Mineral Products Co., 974 F.2d 602, 604 (5th Cir. 1992). Accordingly, there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing the action to federal court, and there is no time limit for filing a motion to remand on the basis of lack of subject matter jurisdiction. Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996).

Law of Improper Joiner

The Fifth Circuit in Smallwood v. Illinois Cent. R. Co., 385 F.3d 568, 573 (5th Cir. 2004), clarified the burden and process of weighing and examining claims of fraudulent joinder, more properly called "improper joinder," as follows:

> ...we explained in *Travis v. Irby* [326 F.3d 644, 646-47 (5th Cir. 2003)], that the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

"The fraudulent joinder doctrine can be applied to the alleged fraudulent joinder of a plaintiff." Miller v. Home Depot, U.S.A., Inc., 199 F.Supp. 2d 502, 508 (W.D.La.2001).

The removing defendant bears the burden of demonstrating improper joinder. E.g., Carriere v. Sears, Roebuck & Co., 893 F.2d 98, 100 (5th Cir. 1990). In Smallwood, the Fifth Circuit stated that "[o]rdinarily, if a plaintiff can survive a Rule 12(b)(6)

3

challenge, there is no improper joinder." <u>Smallwood</u>, 385 F.3d at 573. However, in some few cases, where a plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder" the district court may pierce the pleadings and conduct a summary inquiry. <u>Smallwood</u>, 385 F.3d at 573, citing <u>Badon v. RJR Nabisco, Inc.</u>, 224 F.3d 382, 389, n.10, (5th Cir. 2000). However, the <u>Smallwood</u> court admonished district courts not to conduct substantial hearings into the merits, "as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim" as "[i]ndeed, the inability of make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." <u>Smallwood</u>, 385 F.3d at 574.

Although the district court may pierce the pleadings to examine affidavits and other evidentiary material, it should not conduct a full evidentiary hearing on questions of fact, but rather should make a summary determination by resolving all disputed facts in favor of the plaintiff. <u>Id.</u> The removing party thus bears a heavy burden of demonstrating improper joinder. See, e.g., <u>Sid Richardson Carbon & Gasoline Co</u>. at 751-52; <u>Carriere v. Sears, Roebuck and Co.</u>, 893 F.2d 98, 100 (5th Cir. 1990). The burden of persuasion on a party claiming improper joinder "is a heavy one." <u>Travis v. Irby</u>, 326 F.3d 644, 649 (5th Cir. 2003).

<u>Discussion</u>

In this case, plaintiff Matthew Lee is non-diverse from defendant Quality Builders

of Lafayette, LLC. Moreover, plaintiff Matthew Lee has a viable claim against defendants in this litigation for the deductible he paid State Farm. The fact that Lee and his wife may have claims for damages against defendants in addition to the deductible in another lawsuit in state court is immaterial to whether Matthew Lee has been improperly joined as a plaintiff in this lawsuit. As noted above, federal courts are courts of limited jurisdiction, and there is a presumption against subject matter jurisdiction that must be rebutted by the removing party. The removing defendants have failed to establish Matthew Lee was improperly joined as a plaintiff in this matter. Accordingly, this matter will be **REMANDED** to the 15th Judicial District Court, State of Louisiana, subject to the stay set forth in the accompanying order.

Lafayette, Louisiana, this 9th day of September, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)